UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-08861-RGK-RAO | Date | October 25, 2023 |
|---|---|---|---|
| Title | *Clay Jacobsen v. Quadra Productions, Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Remanding Action to State Court

On June 14, 2023, Clay Jacobsen ("Plaintiff") filed a Complaint against Quadra Productions, Inc. ("Defendant") in Los Angeles County Superior Court, asserting state law claims for age discrimination, wrongful termination, and failure to provide itemized wage statements.

On October 20, 2023, Defendant removed the action to this Court, alleging federal question jurisdiction on the basis that Plaintiff's claims are preempted by § 301(a) of the Labor Management Relations Act ("LMRA") (29 U.S.C. § 141 *et seq*). Having reviewed Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Under 28 U.S.C. § 1441(a), defendants may remove a case to federal court when the federal court would have had original jurisdiction to hear the case in the first instance. District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States"—or in other words, an action involving a federal question. 28 U.S.C. § 1331. When determining whether federal question jurisdiction exists, courts apply the "well-pleaded complaint rule," which states that "federal jurisdiction exists . . . when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Cal. Ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Generally, a federal law defense to a state law claim does not confer jurisdiction on a federal court, even where there is preemption. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983). However, an exception exists when a federal statute "completely preempt[s]" an area of state law. *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000) (internal citation omitted).

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-08861-RGK-RAO | Date | October 25, 2023 |
|---|---|---|---|
| Title | *Clay Jacobsen v. Quadra Productions, Inc.* | | |

    Section 301 of the LMRA vests jurisdiction in federal courts over "suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185(a). The Supreme Court has interpreted this statute to compel the complete preemption of state law claims brought to enforce collective bargaining agreements. *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968). Preemption applies when resolution of a state law claim is "substantially dependent" on the analysis of a collective bargaining agreement.

    Here, Plaintiff's claims arise solely under state fair employment laws. Plaintiff alleges that, among other things, he was misclassified as an "independent contractor" rather than an "employee" pursuant to California Labor Code Section 2775. Defendant argues that whether Plaintiff is an "employee" depends on an interpretation of collective bargaining agreements between Defendant and a nonparty union. Upon reviewing the Complaint and Notice of Removal, the Court finds no facts or allegations indicating that Plaintiff's claims arise from or substantially depend on an analysis of the collective bargaining agreements. Plaintiff's claims are based on a private service agreement between Plaintiff and Defendant. Plaintiff is not a party to and makes no reference to the collective bargaining agreements in asserting Plaintiff's claims. As such, complete preemption does not apply. *See Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir.2001) ("[I]f the claim may be litigated without reference to the rights and duties established in a [collective bargaining agreement] . . . it is not preempted."); *Farber v. Safeway, Inc.*, 2012 WL 4466540, at *5 (N.D. Cal. Sept. 26, 2012) (holding that a resolution of whether a plaintiff is an independent contractor or employee does not require an interpretation of a collective bargaining agreement).

    Defendant has failed to adequately show that the resolution of Plaintiff's claims requires an analysis of a collective bargaining agreement. Therefore, this action is **remanded** to state court for all further proceedings.

    **IT IS SO ORDERED.**

    cc: Los Angeles Superior Court, 23SMCV02687

|  |  : |
|---|---|
| Initials of Preparer | JRE/dc |